UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER MIVELAZ  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>FIDA LLC,  )<br>  )<br>    Defendant.  )<br>  )<br>Serve:  Registered Agent  )<br>  Islambek Muhamedziev  )<br>  1300 S. 6th Street  )<br>  Louisville, KY 40208  )<br>  (*via certified mail*)  )<br>  )<br>  )<br>_____ )  | Civil Action No. __3:22-cv-261-DJH__ |

## **COMPLAINT**

Comes now the Plaintiff, Christopher Mivelaz, by and through counsel, and for his Complaint against the Defendant, states as follows:

### I. **PARTIES, VENUE, AND JURISDICTION**

1. That at all relevant times herein Plaintiff, Christopher Mivelaz, (hereinafter "Mivelaz" and/or "Plaintiff") was a citizen and resident of Charlestown, Clark County, Indiana.

2. That at all relevant times herein, Defendant FIDA LLC (Hereinafter, "FIDA" and/or "Defendant") was and is a Kentucky limited liability company actively licensed to

2. do business within the Commonwealth of Kentucky, and involved in the business of interstate motor freight transportation. FIDA's principal business office is located at 1400 S. 6th Street, Louisville, Kentucky 40208.

3. Jurisdiction: This action is brought by the Plaintiff in this District on the basis of diversity jurisdiction. The Plaintiff is a citizen of Indiana, and the Defendant is a citizen of Kentucky pursuant to 28 U.S.C. § 1332(c)(1). The Plaintiff's claims consist of common law negligence claims arising from a motor vehicle accident. The Plaintiff suffered severe physical injuries as a result of this accident, including a fractured skull and fractured right arm. Thus, the Plaintiff's damages far exceed $75,000.00. This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1).

4. Venue is proper in this District because the Defendant has its principal business office in this District and thus, resides here pursuant to 28 U.S.C. § 1391(c)(2) and/or 28 U.S.C. § 1391(d); venue is therefore proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and/or 28 U.S.C. 1391(b)(3).

## II. STATEMENT OF FACTS

5. On Friday, April 22, 2022, at approximately 5:00 p.m., the Plaintiff was driving his motorcycle northbound on Logistics Avenue in Jeffersonville, Clark County, Indiana. On the road ahead of him was a white 18-wheeler, VIN # 5V8VA5324NM204813, Model type Vanguard National Trailer, license number 28088346, which was owned and operated by the Defendant. (hereinafter "the truck"). The truck was driven by Ilya Strizhak, who was an employee, agent, or

      ostensible agent of the Defendant. At date and time indicated above, Mr. Strizhak was operating the truck within the normal course and scope of his work duties in furtherance of the business interests of FIDA.

6. The truck was driving in the same direction of travel as the Plaintiff. The Plaintiff's motorcycle was driving behind the truck. The truck had its hazard lights flashing and was driving at an extremely slow rate of speed for the roadway and traffic conditions, approximately 15 miles per hour. There were no other vehicles in the vicinity at the time. The Plaintiff followed behind the truck on his motorcycle for approximately ¼ of a mile when it became apparent that the truck driver was not going to speed up. The Plaintiff suspected that because the truck's hazard lights were flashing and the vehicle was moving so slowly, perhaps it might have been experiencing some sort of mechanical difficulty.

7. Since the truck was blocking the roadway and travelling at such a slow rate of speed, the Plaintiff decided to pass the truck. The Plaintiff did so by carefully steering the motorcycle to the left (driver's side) of the truck and speeding up to pass it.

8. Just as the Plaintiff's motorcycle drove up parallel to the cab of the truck, Mr. Strizhak suddenly, and without warning, attempted to make a left-hand turn. The driver did not use his turn signals or look out of his side mirror before making beginning the turn. The Plaintiff had no time to react to the sudden movement of the truck, and the driver's side "steer tire" of the truck collided with the right exhaust pipe of the motorcycle, causing the Plaintiff to fly through the air and hit the concrete pavement at a high rate of speed with his bike skidding several hundred

feet across the roadway.   The Plaintiff lost consciousness upon impact with the ground.   An ambulance was called and the Plaintiff was taken by EMS from the accident scene directly to the University of Louisville Hospital emergency room.

9. The Plaintiff suffered severe injuries as a result of the collision including bleeding of the brain, a fracture of the right arm (requiring surgery), fractures of the skull in three places, lacerations of the face and arms, his front right bicuspid tooth was dislodged, and he suffered whiplash and cervical strain.   As a result of his injuries, the Plaintiff was an inpatient at the University of Louisville for three days.   The Plaintiff, who is himself a professional truck driver, has been unable to work since the date of the accident, and is expected to remain unable to work for approximately 6-8 weeks from the date of the wreck while he is recuperating from his injuries.

### III.     VICARIOUS LIABILITY

10. The Plaintiff adopts, and incorporates by reference, all averments set forth in paragraph nos. 1 – 9 above.
11. At all times relevant hereto, Ilya Strizhak was an employee, agent, and/or ostensible agent of FIDA.
12. FIDA is vicariously liable under the legal doctrine of *respondeat superior* for the tortious acts, errors, and omissions of their employees, agents, and ostensible agents which were committed within the normal course and scope of their work duties.

13. FIDA is vicariously liable for the negligent driving of Mr. Strizhak, whose inattention to the road and failure to signal caused the accident that injured the Plaintiff.

## IV.   CAUSES OF ACTION
### COUNT I – NEGLIGENCE

14. The Plaintiff fully and completely restates and reincorporates the averments contained in paragraphs #1- #13 above as if fully set forth herein.

15. The driver of the truck, Mr. Strizhak, had a duty to operate his vehicle in a safe manner in accordance with the traffic laws of Indiana and in accordance with the Federal Motor Carrier Safety Regulations pursuant to <u>49 C.F.R. § 392.2</u>.

16. Mr. Strizhak had a duty to activate his turn signals before attempting to make the left-hand turn described in paragraph #8 above.  This duty is codified in the <u>Indiana Code §§ 9-21-8-24</u> and <u>9-21-8-25</u>.  Mr. Strizhak breached this duty when he attempted to make a turn without first activating his turn signals.

17. As a direct and proximate result of Mr. Strizhak's negligence, the Plaintiff was knocked off his motorcycle striking his body on the pavement at a high rate of speed, and has suffered damages including medical expenses, physical pain, mental suffering, mental anguish, and lost wages, all in an amount exceeding $75,000.00.

18. FIDA is vicariously liable for Mr. Strizhak's negligence pursuant to the legal doctrine of *respondeat superior*, as set forth in paragraphs 11-13 above.

19. The Plaintiff seeks an award of all compensatory damages allowed by the common

law of Indiana for the injuries described in paragraphs #9 and #17 above,

## **COUNT II – NEGLIGENT HIRING, TRAINING, RETENTION AND/OR SUPERVISION**

20. The Plaintiff adopts and incorporates by reference the allegations set forth in paragraphs nos. 1-18 above.

21. The Defendant negligently hired, trained, retained and/or supervised their employees, agents, and/or ostensible agents, including, but not limited to, Ilya Strizhak.

22. FIDA had a duty to other drivers on the road, such as the Plaintiff, to ensure that Mr. Strizhak was properly screened, trained, retained, and/or supervised in such a manner that he would operate the truck owned by FIDA safely at all times in accordance with the traffic laws of Indiana and any other states through which the truck might pass.

23. FIDA breached the duty described in paragraph #21 above when it failed to adequately train and supervise Mr. Strizhak to properly utilize his turn signals in accordance with Indiana Code §§ 9-21-8-24 and 9-21-8-25.  FIDA's failure to properly train and supervise Mr. Strizhak in this regard directly resulted in the motor vehicle collision described in paragraph #8 above.

24. As a direct and proximate result of Mr. Strizhak's negligence, the Plaintiff was knocked off his motorcycle striking his body on the pavement at a high rate of speed, and has suffered damages including medical expenses, physical pain, mental suffering, mental anguish, and lost wages, all in an amount exceeding

$75,000.00.

25. FIDA is vicariously liable for Mr. Strizhak's negligence pursuant to the legal doctrine of *respondeat superior*, as set forth in paragraphs 11-13 above.

26. The Plaintiff seeks all compensatory and punitive damages as allowed by Indiana law for the Defendant's failure to adequately train and supervise Mr. Strizhak and the resulting injuries described in paragraphs #9 and #17 above,

## V.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands the following:

1. A trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38;

2. Judgment in favor of the Plaintiff on Counts I and II above in an amount greater than $75,000.00.

3. All compensatory and punitive damages allowed by the common law of Indiana for the Plaintiff's claims of negligence and negligent hiring, training, retention, and supervision.

4. Any and all other relief to which the Plaintiff may otherwise be properly entitled under federal and state law.

Respectfully submitted,

*/S/ Andrew S. Epstein*
ANDREW S. EPSTEIN
BAHE, COOK, CANTLEY & NEFZGER, PLC
1041 Goss Avenue
Louisville, Kentucky 40217
(502) 587-2002 – Telephone
(502) 587-2007 – Fax

andrew@bccnlaw.com
*Counsel for Plaintiff*